# APPENDIX "A"

The neglected 'elephant' before the courts is the 'common nucleus' of willful blindness to Sulla-malfeasance and malicious prosecutions of the DCs, committed and permitted by 'officers of the courts,' always aiding-and-abetting the DCs' deprivation of rights and properties. Instead of tripping over the 'elephant' in their *de novo* review, the ICA tribunal concealed, harbored, and indemnified attorney Sulla who the officers knew maintained blatant conflicting interests in the Property. Rather than administering justice, the MO's remand continues malicious prosecutions in the lower courts suffered by the DCs, compounding the DCs' damage and distress, depriving these victims of their civil rights in violation of 42 U.S.C. §§ 1981, 1983, 1985 and 18 USC §1964.

Aside from Sulla's fraudulent transfers of Horowitz's Mortgage and Notes always being disregarded, avoided, or concealed by State and federal actors who are comparatively liable for the DCs' damages, pain and suffering, the MO records eleven (11) examples of this 'common nucleus" of willfully-blind injustice serving to aid-and-abet fellow Bar member Sulla. These delinquencies defy justice and favor Sulla's racketeering enterprise that converted the DCs' Property and is known to be damaging people across the United States by his drug-trafficking "religion."

**The eleven (11) 'operative facts' recorded on the face of the MO that 'shocks conscience' include:**

(1) Neglect of Sulla as the exclusive proper plaintiff in the three consolidated cases;

(2) Neglect of Rule 19 required joinder of Sulla;

57

(3) Clear misrepresentation of HRAP Rule 10 to contrive an excuse to 'waive' required due process in the HRCP Rule 50a MJML controversy; thus 'waiving' Horowitz's $200,000 jury award, and extending the 14-year-old malicious prosecution;

(4) Clear conflicting misrepresentation of the *res judicata* issue, the MO falsely stating that the res 0196 judicial foreclosure was brought without claim of monetary default;

(5) Neglect of State law HRS 651-C(4) that invalidates *fraudulent transfers* of the subject Mortgage and Note to a not-yet-legally-existing corporate-fiction controlled by concealed "insider" Sulla;

(6) Neglect of Magistrate Judge Richard L. Puglisi's Disqualification of Sulla from representing 'sham Plaintiff' Hester due to alleged conflicts of interests and as a necessary witness at trial. Sulla's Disqualification was recklessly defied by State and federal officials who twisted the truth to deprive justice. The ICA falsely implied the Disqualification occurred in a separate quiet title action. Its MO (p. 20) stated: "Disqualification Order apparently issued by the U.S. District Court in a prior quiet title action . . ." This is not so. Sulla's Disqualification occurred in the same State 0304 case subsequent-to that case's removal, and prior to its remand. The ICA cannot justify this 'mistake' as excusable error since they conducted a '*de novo* review' of that case.

(7) The ICA neglected and denied Horowitz's standing to contest the 'elephant' in the room—Sulla's fraudulent Assignments of Horowitz's Mortgage and Note into a *not-yet-legally-existing "church"* (i.e., "Revitalize") effectively extending Horowitz's malicious prosecution in the 14-year old case. The ICA ruled that Horowitz had no standing to contest the fact that Revitalize was incorporated by a set of "altered" and forged Articles of Incorporation filed by Sulla illegally and untimely, and after the final "balloon payment" on said Mortgage and Note was made and Notices to Release the Mortgage were served;

(8) The MO neglects or conceals Hester's invalid standing as the 'sham Plaintiff' abused to shield Sulla from discovery and liability for malpractices, alleged fraud and crime;

58

(9) To deprive Horowitz of his standing, the ICA neglected the obvious 'crime-fraud exception' to the ICA's own precedent-setting cases, in *U.S. Bank N.A. v. Mattos*, 140 Hawai'I 26, 35, 398 P. 3d 615, 624 (2017) and *U.S. Bank Nat. Ass'n v. Salvacion*, 134 Hawai'I 170, 174-65, 338 P. 3d 1185, 1189-90 (App. 2014).

(10) The ICA, like all of the courts, neglected appropriate sanctions, discipline, ethics rules, and Cannons requiring fact-finders to report lawbreaking Bar members to "appropriate authorities." The FBI and U.S. Attorney General must be engaged in this case by the clear-and-convincing evidence showing public corruption and racketeering in organized crime, to accord with 18 U.S.C. 1964(a)(b). The assortment of alleged white collar crimes, including trafficking of the Class I narcotic hallucinogen, dimethyltryptamine ("DMT") by Sulla, and money laundering and real property conversion with complicit co-conspirators, including Hester, Sniffen, Hu, Tamm, Dubin, and others named and unnamed herein; and

(11) The MO neglects the DCs' post traumatic distress disorders that any reasonable person would suffer under the courts' administration of malicious prosecutions, ejectment, homelessness, all favoring Sulla—the proximal causes of the DCs' physical illnesses, heart condition, digestive disorders, and worsening emotional distress.

In effect, the 'common nucleus' of this conspiracy to deprive the DCs' rights and properties extends the toxic impacts of Sulla's malicious prosecutions and victims' abuse back to the same State courts that abused them. This is like rape victims being sent back into the clutches of their rapists. This unconscionable disregard of justice, civility, and decency is shameful.

This case must be Removed to a federal court wherein fairness in due process and a trial by jury on the merits of the claims can proceed.