# APPENDIX "B"

# RELEVANT RULES AND LAWS

## A. Federal Statutes & Rules

### 28 U.S. Code § 1343. Civil rights and elective franchise

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.
    (b) For purposes of this section—
(1) the District of Columbia shall be considered to be a State; and
(2) any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(June 25, 1948, ch. 646, 62 Stat. 932; Sept. 3, 1954, ch. 1263, § 42, 68 Stat. 1241; Pub. L. 85–315, part III, § 121, Sept. 9, 1957, 71 Stat. 637; Pub. L. 96–170, § 2, Dec. 29, 1979, 93 Stat. 1284.)

### 28 U.S. Code § 1443. Civil rights cases

**Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:**

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
(June 25, 1948, ch. 646, 62 Stat. 938.)

## 28 U.S. Code § 1450. Attachment or sequestration; securities

Whenever any action is removed from a State court to a district court of the United States, any attachment or sequestration of the goods or estate of the defendant in such action in the State court shall hold the goods or estate to answer the final judgment or decree in the same manner as they would have been held to answer final judgment or decree had it been rendered by the State court.

All bonds, undertakings, or security given by either party in such action prior to its removal shall remain valid and effectual notwithstanding such removal.

All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.

(June 25, 1948, ch. 646, 62 Stat. 940.)

## 42 U.S. Code § 1981. Equal rights under the law

a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

(R.S. § 1977; Pub. L. 102–166, title I, § 101, Nov. 21, 1991, 105 Stat. 1071.)

# 42 U.S. Code § 1983. Civil action for deprivation of rights

**Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.**

(R.S. § 1979; Pub. L. 96–170, § 1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, § 309(c), Oct. 19, 1996, 110 Stat. 3853.)

# 42 U.S. Code § 1985. Conspiracy to interfere with civil rights

(1) Preventing officer from performing duties

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure

such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

(R.S. § 1980.)

# 42 U.S. Code § 1988. Proceedings in vindication of civil rights

(a) Applicability of statutory and common law

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

(b) Attorney's fees

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 12361 of title 34, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

(c) Expert fees

In awarding an attorney's fee under subsection (b) in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.

(R.S. § 722; Pub. L. 94–559, § 2, Oct. 19, 1976, 90 Stat. 2641; Pub. L. 96–481, title II, § 205(c), Oct. 21, 1980, 94 Stat. 2330; Pub. L. 102–166, title I, §§ 103, 113(a), Nov. 21, 1991, 105 Stat. 1074, 1079; Pub. L. 103–141, § 4(a), Nov. 16, 1993, 107 Stat. 1489; Pub. L. 103–322, title IV, § 40303, Sept. 13, 1994, 108 Stat. 1942; Pub. L. 104–317, title III, § 309(b), Oct. 19, 1996, 110 Stat. 3853; Pub. L. 106–274, § 4(d), Sept. 22, 2000, 114 Stat. 804.)

## 11 U.S. Code § 548 - Fraudulent transfers and obligations

(a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

(2) A transfer of a charitable contribution to a qualified religious or charitable entity or organization shall not be considered to be a transfer covered under paragraph (1)(B) in any case in which—

(A) the amount of that contribution does not exceed 15 percent of the gross annual income of the debtor for the year in which the transfer of the contribution is made; or

(B) the contribution made by a debtor exceeded the percentage amount of gross annual income specified in subparagraph (A), if the transfer was consistent with the practices of the debtor in making charitable contributions.

(b) The trustee of a partnership debtor may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, to a general partner in the debtor, if the debtor was insolvent on the date such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

(c) Except to the extent that a transfer or obligation voidable under this section is voidable under section 544, 545, or 547 of this title, a transferee or obligee of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation. . . .

## 18 U.S. Code § 1964. Civil remedies

(a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

(b) The Attorney General may institute proceedings under this section. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take such other actions, including the acceptance of satisfactory performance bonds, as it shall deem proper.

(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

(d) A final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States.
(Added Pub. L. 91–452, title IX, § 901(a), Oct. 15, 1970, 84 Stat. 943; amended Pub. L. 98–620, title IV, § 402(24)(A), Nov. 8, 1984, 98 Stat. 3359; Pub. L. 104–67, title I, § 107, Dec. 22, 1995, 109 Stat. 758.)

## FRCP Rule 1. Scope and Purpose

These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

# B. State Statutes & Rules

## 2013 Hawaii Revised Statutes
## TITLE 36. CIVIL REMEDIES AND DEFENSES AND SPECIAL PROCEEDINGS
## 651C. Uniform Fraudulent Transfer Act
## 651C-4 Transfers fraudulent as to present and future creditors.

**Universal Citation:** HI Rev Stat § 651C-4 (2013)

**§651C-4 Transfers fraudulent as to present and future creditors.** (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

(b) In determining actual intent under subsection (a)(1), consideration may be given, among other factors, to whether:

(1) The transfer or obligation was to an insider;

(2) The debtor had retained possession or control of the property transferred after the transfer;

(3) The transfer or obligation was disclosed or concealed;

(4) Before the transfer was made or obligation was incurred, the debtor was sued or threatened with suit;

(5) The transfer was of substantially all the debtor's assets;

(6) The debtor had absconded;

(7) The debtor had removed or concealed assets;

(8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) The transfer had occurred shortly before or shortly after a substantial debt was incurred; and

(11) The debtor had transferred the essential assets of the business to a lienor who had transferred the assets to an insider of the debtor. [L 1985, c 216, pt of §1]

Case Notes

Fraudulent transfers, discussed. 916 F.2d 528.

Plaintiffs pled facts with sufficient particularity to support a cause of action for fraudulent conveyance under subsection (a)(1) and (a)(2)(B) and §651C-5(a). 529 F. Supp. 2d 1190 (2007).

Although Hawaii's uniform fraudulent transfer act does not preclude preferential transfers per se, if the preferential transfer was made with "actual intent to hinder, delay, or defraud any creditor" the transfer will be deemed fraudulent. 113 H. 174, 150 P.3d 823 (2006).

# 2011 Hawaii Code
# DIVISION 4. COURTS AND JUDICIAL PROCEEDINGS
# TITLE 36. CIVIL REMEDIES AND DEFENSES AND SPECIAL PROCEEDINGS
# 667. Mortgage Foreclosures
# §667-5 Foreclosure under power of sale; notice; affidavit after sale; deficiency judgments.

**Universal Citation:** HI Rev Stat § 667-5 (2011 through Reg Sess)

**§667-5 Foreclosure under power of sale; notice; affidavit after sale; deficiency judgments.**
(a) When a power of sale is contained in a mortgage, and where the mortgagee, the mortgagee's successor in interest, or any person authorized by the power to act in the premises, desires to foreclose under power of sale upon breach of a condition of the mortgage, the mortgagee, successor, or person shall be represented by an attorney who is licensed to practice law in the State and is physically located in the State. The attorney shall:

(1) Give notice of the mortgagee's, successor's, or person's intention to foreclose the mortgage and of the sale of the mortgaged property as follows:

(A) By serving, not less than twenty-one days before the date of sale, written notice of intent to foreclose on all persons entitled to notice under this part in the same manner as service of a civil complaint under chapter 634 and the Hawaii rules of civil procedure; provided that in the case of nonjudicial foreclosure of a lien by an association against a mortgagor who is not an owner-occupant, the association shall mail the notice by certified or registered mail, not less than twenty-one days before the date of sale, to:

(i) The unit owner at the address shown in the records of the association and, if different, at the address of the unit being foreclosed; and

(ii) All mortgage creditors whose names are known or can be discovered by the association; and

(B) By publication of the notice once in each of three successive weeks, constituting three publications with the last publication to be not less than fourteen days before the day of sale, in a daily newspaper having the largest general circulation in the specific county in which the mortgaged property lies; provided that for property located in a county with a population of more than one hundred thousand but less than three hundred thousand, the public notice shall be

published in the newspaper having the largest circulation expressly in the eastern or western half of the county, corresponding to the location of the subject property;

(2) Give notice of the mortgagor's right to elect to participate in the mortgage foreclosure dispute resolution program pursuant to section 667-75 or to convert the nonjudicial power of sale foreclosure to a judicial foreclosure pursuant to section 667-53; and

(3) Give any notices and do all acts as authorized or required by the power contained in the mortgage.

(b) Copies of the notice required under subsection (a) shall be:

(1) Filed with the state director of taxation; and

(2) Posted on the premises not less than twenty-one days before the day of sale.

(c) Upon the request of any person entitled to notice pursuant to this section and sections 667-5.5 and 667-6, the attorney, the mortgagee, successor, or person represented by the attorney shall disclose to the requestor the following information:

(1) The amount to cure the default, together with the estimated amount of the foreclosing mortgagee's attorneys' fees and costs, and all other fees and costs estimated to be incurred by the foreclosing mortgagee related to the default prior to the auction within five business days of the request; and

(2) The sale price of the mortgaged property once auctioned.

(d) Any sale, of which notice has been given pursuant to subsections (a) and (b) may be postponed from time to time by public announcement made by the mortgagee or by a person acting on the mortgagee's behalf. Upon request made by any person who is entitled to notice pursuant to section 667-5.5 or 667-6, or this section, the mortgagee or person acting on the mortgagee's behalf shall provide the date and time of a postponed auction, or if the auction is canceled, information that the auction was canceled. The mortgagee, within thirty days after selling the property in pursuance of the power, shall file a copy of the notice of sale and the mortgagee's affidavit, setting forth the mortgagee's acts in the premises fully and particularly, in the bureau of conveyances.

(e) The mortgagee or other person, excluding an association, who completes the nonjudicial foreclosure of a mortgage or other lien on residential property pursuant to this part shall not be entitled to pursue or obtain a deficiency judgment against an owner-occupant of the residential property who, at the time the notice of intent to foreclose is served, does not have a fee simple or leasehold ownership interest in any other real property.

Nothing in this section shall prohibit any other mortgagee or person who holds a lien on the residential property subject to the nonjudicial foreclosure, whose lien is subordinate to the mortgage being foreclosed and is extinguished by the nonjudicial foreclosure sale, from pursuing a monetary judgment against an owner-occupant.

(f) Subject to the requirements of part V, the affidavit and copy of the notice shall be recorded and indexed by the registrar, in the manner provided in chapter 501 or 502, as the case may be.

(g) This section is inapplicable if the mortgagee is foreclosing as to personal property only. [L 1874, c 33, §1; am L 1907, c 59, §1; am L 1911, c 108, §1; am L 1915, c 121, §1; RL 1925, §2879; RL 1935, §4724; am L 1937, c 138, §1; RL 1945, §12424; RL 1955, §336-5; am L 1967, c 256, §1; HRS §667-5; am L 1972, c 90, §9(e); gen ch 1985; am L 1989, c 20, §5; am L 2008, c 138, §1; am L 2011, c 48, §17]

Note

Moratorium until July 1, 2012 on all new nonjudicial foreclosure actions; reports through 2013. L 2011, c 48, §§40, 41.

## HRAP Rule 10. THE RECORD ON APPEAL.

**(a) Composition of the record on appeal.** The record on appeal shall consist of the trial court or ADLRO record, as set out in Rule 4 of the Hawai'i Court Records Rules, or the agency record as defined by statutes or rules governing agency proceedings.

**(b) The transcript of court proceedings.**

(1) REQUEST TO PREPARE TRANSCRIPT.

(A) *When to request.* When an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from, the appellant shall file with the appellate clerk, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file in the appeal. A request for transcripts of audiotapes or videotapes may list more than one tape on the request. The appellant shall transmit the request(s) to prepare transcript to the designated reporter(s) and the supervising court reporter, and shall demonstrate in the record that transmission was accomplished either by the automated JEFS notice of electronic filing or certificate of service.

## HRCP Rule 19 - Joinder of Persons Needed for Just Adjudication

(a) Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in such party's absence complete relief cannot be accorded among those already parties, or (2) such party claims an interest relating to the subject of the action and is so situated that the disposition of the action in such party's absence may (A) as a practical matter impair or impede such party's ability to protect that interest or (B) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of such party's claimed interest. If such a party

has not been so joined, the court shall order that such person be made a party. If such party should join as a plaintiff but refuses to do so, such party may be made a defendant, or, in a proper case, an involuntary plaintiff.