NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000584
02-MAY-2019
09:20 AM

NOS. CAAP-16-0000162, CAAP-16-0000163 AND CAAP-18-0000584

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

### CAAP-16-0000162
JASON HESTER, Overseer of the Office of Overseer,
a corporate sole and his successors, over/for the Popular
Assembly of Revitalize, a Gospel of Believers,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
LEONARD G. HOROWITZ and THE ROYAL BLOODLINE OF DAVID,
Defendants/Counterclaim-Plaintiffs/Appellants,
and
JACQUELINE LINDENBACH HOROWITZ,
Defendant/Counterclaim-Plaintiff/Appellee,
and
PHILIP MAISE, Intervenor-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE ENTITIES 1-10, DOE
PARTNERSHIPS 1-10, DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 05-1-0196)

### CAAP-16-0000163
JASON HESTER, an individual,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
LEONARD G. HOROWITZ, an individual and
SHERRI KANE, an individual
Defendants/Counterclaim-Plaintiffs/Appellants,
and
THE ROYAL BLOODLINE OF DAVID,
a Washington Corporation Sole,
Defendant/Appellant,
and

Exhibit 1

Removal Exhibits pg. 1

NOT FOR PUBLICATION  IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

MEDICAL VERITAS INTERNATIONAL, INC., a California
non-profit corporation, JOHN DOES 1-10, JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-0304)

**CAAP-18-0000584**
JASON HESTER, Petitioner-Appellee,
v.
LEONARD G. HOROWITZ, Respondent-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 17-1-0407)

MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Fujise and Leonard, JJ.)

These consolidated appeals[1] arise from over a decade of
legal proceedings primarily between Jason Hester (**Hester**), both
individually and as "successor Overseer" of "the Office of the
Overseer, A Corporate Sole and his Successors, Over/For The
Popular Assembly of Revitalize, A Gospel of Believers"
(**Revitalize**); Leonard G. Horowitz (**Horowitz**); and the Royal
Bloodline of David (**RBOD**).[2]  The appeals relate to two parcels of
land (**subject property**)[3] that the RBOD had purchased from Cecil
L. Lee (**Lee**) in 2004.  The purchase was financed by two
promissory notes executed by Horowitz, as "Overseer" of RBOD, in

---

[1]  CAAP-16-0000162, CAAP-16-0000163, and CAAP-18-0000584 were
consolidated on appeal by an Order of Consolidation dated December 18, 2018.

[2]  Horowitz represents that the RBOD is "an ecclesiastic corporation"
that was incorporated on October 31, 2001 in the State of Washington, and
dissolved on September 17, 2012, with Horowitz being its sole member.

[3]  The subject property consists of two parcels of land designated on
the tax maps for the State of Hawaiʻi as TMK: (3)1-3-001:049 and (3)1-3-001:43
and are situated in the County of Hawaiʻi.  The record reflects that the
parcels are 1.32 acres and 16.55 acres respectively.

2

NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

favor of Lee, and secured by a mortgage on the subject property. The Mortgage, dated January 15, 2004, designated the RBOD as the "Borrower" and Lee as the "Lender" in this transaction.  These appeals arise out of three separate actions related to the subject property and underlying mortgage, as explained below.

CAAP-16-0000162 arises from a judicial foreclosure action initiated by original mortgagee Lee on June 15, 2005, against Horowitz, RBOD, and Jacqueline Horowitz[4] in the Circuit Court of the Third Circuit (**circuit court**)[5] for numerous alleged non-monetary violations of the mortgage agreement.  In February 2008, the case proceeded to bench trial where the circuit court denied Lee's claim for foreclosure as to all defendants, but granted other equitable relief in light of the defendants' non-monetary breaches of the mortgage agreement.  That same month, an advisory jury trial was held in which the jury determined, in relevant part, that Lee was liable to Horowitz, RBOD, and Jacqueline Horowitz on their counterclaim for fraud and misrepresentation and awarded the defendants $200,000.00 in damages.  Subsequently, the circuit court vacated the jury award by granting a judgment as a matter of law pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 50.  Moreover, upon the death of Lee in 2009, the circuit court allowed Hester, as "successor Overseer" to Revitalize, to be substituted as Plaintiff.[6]  Horowitz and RBOD appeal in CAAP-16-0000162.

CAAP-16-0000163 arises from a Quiet Title and Ejectment action initiated by Hester, individually, on August 11, 2014, against Horowitz, RBOD, Sherri Kane (**Kane**), and Medical Veritas

---

[4] Defendant/Counterclaim-Plaintiff Jacqueline L. Horowitz is not a party to this appeal.

[5] The Honorable Ronald Ibarra presided in all proceedings relevant to CAAP-16-0000162.

[6] The record reflects that in May 2009, Lee created Revitalize, a nonprofit corporation sole pursuant to HRS Chapter 419, naming himself as the "overseer" and Hester as the "successor Overseer."  Also in May 2009, Lee assigned to Revitalize all of his interest in the promissory notes and mortgage on the subject property.  On June 27, 2009, Lee passed away.

3

NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

International, Inc. in the circuit court.[7]  In this case, Hester asserts he has title to the subject property following a non-judicial foreclosure conducted by Revitalize in 2010 due to RBOD's payment default of the mortgage agreement, and a subsequent transfer of the subject property by Revitalize in 2011, to Hester, individually.  In this action, the circuit court entered judgment in favor of Hester, and entered a writ of ejectment removing all defendants from the subject property, giving rise to the appeal in CAAP-16-0000163.

Finally, CAAP-18-0000584 arises from a petition to expunge documents brought by Hester, individually, against Horowitz, individually, on July 26, 2016 in the Circuit Court of the First Circuit (**first circuit court**).[8]  This case was eventually transferred to the third circuit court,[9] and Hester sought to expunge two affidavits filed by Horowitz in the Bureau of Conveyances pertaining to the subject property.  The circuit court eventually entered summary judgment in favor of Hester, giving rise to CAAP-18-0000584.

### I.  CAAP-16-0000162

In CAAP-16-0000162, Defendants/Counterclaim-Plaintiffs Horowitz and the RBOD appeal from the "Fifth Amended Final Judgment" (**Final Foreclosure Judgment**) entered by the Circuit Court of the Third Circuit on March 4, 2016, which resolved all claims between Plaintiff/Counterclaim-Defendant Hester, Defendant/Counterclaim-Plaintiffs Horowitz, RBOD, and Jacqueline L. Horowitz, and Intervenor-Defendant/Intervenor-Plaintiff/Counterclaim-Defendant Philip B. Maise (**Maise**) in the

---

[7]  The Honorable Ronald Ibarra, Elizabeth A. Strance, and Melvin Fujino presided in the relevant proceedings in CAAP-16-0000163.

[8]  The Honorable Virginia L. Crandall presided in the relevant First Circuit Court proceedings in CAAP-18-0000584.

[9]  The Honorable Henry T. Nakamoto presided in the relevant Third Circuit Court proceedings in CAAP-18-0000584.

NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

judicial foreclosure action regarding the subject property.[10]  In this appeal, Horowitz and RBOD contend that: (1) the circuit court erred in granting Hester's HRCP Rule 50 Motion for Judgment as a Matter of Law vacating the $200,000 jury award for damages in favor of the defendants; and (2) Hester lacks standing to prosecute the judicial foreclosure action, both as an individual and as "successor Overseer" of Revitalize.

In the June 15, 2005 "Complaint for Foreclosure", the original mortgagee Lee asserted six causes of action against all defendants relating to a number of alleged non-monetary breaches to the mortgage agreement.[11]  In response, Horowitz, RBOD and Jacqueline Horowitz filed a counterclaim against Lee, asserting causes of action in fraud and misrepresentation, and abuse of process and malicious prosecution.

The case proceeded to a bench trial, where the circuit court concluded that although the defendants had violated non-monetary terms and conditions of the mortgage, foreclosure would be unjust.  Instead, the circuit court fashioned alternative equitable remedies given the breaches.  An advisory jury panel ruled on other causes of action brought in Lee's complaint and the Defendants' counterclaims.  The jury determined, *inter*

---

[10]  Jacqueline L. Horowitz and Maise are not parties to this appeal.

[11]  While the "Complaint for Foreclosure" appears to only allege a cause of action for foreclosure, it appears that the circuit court and the parties interpreted the complaint as asserting causes for action for: 1) foreclosure; 2) breach of contract; 3) waste; 4) fraud and misrepresentation; 5) conspiracy and; 6) trespass to chattels, as evidenced in the "Fifth Amended Final Judgment".

In the "Complaint for Foreclosure", Lee alleges that RBOD and Horowitz: made additions to the property without obtaining the necessary permits from the county of Hawai'i, thus subjecting the property to increased liability and a substantial loss of value; engaged in illegal and unlicensed business activities on the property, thus subjecting it to liability and substantial loss of value; violated the mortgage agreement by failing to obtain and maintain fire and extended peril insurance coverage on the property; conspired with Maise to unlawfully deprive Lee of his receipt of mortgage payments, trespassed on Lee's chattels, and defrauded Lee; and fraudulently altered and inserted a legal addendum into the mortgage agreement that Lee did not agree to or authorize.

NOT FOR PUBLICATION  IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

*alia*,[12] that Lee was liable to Horowitz, RBOD, and Jacqueline
Horowitz for fraud and misrepresentation, and awarded the
defendants $200,000.00 in damages.

Following the trial, Lee filed "Plaintiff's Motion for
Judgment as a Matter of Law or Alternatively New Trial on Issue
of Defendant's [sic] July 6, 2006 Counterclaim for Fraud and
Misrepresentation", asserting that Lee was entitled to a judgment
as a matter of law (**JMOL**) pursuant to HRCP Rule 50 as to the
defendants' counterclaim for fraud and misrepresentation because
such claim was not sufficiently pled.  Following two re-
submissions of the motion for JMOL, and a number of amended
judgments, the circuit court eventually granted Lee's motion for
JMOL as to the defendants' counterclaim of fraud and
misrepresentation, and vacated the jury's $200,000.00 damage
award in favor of the defendants.

During the post-trial litigation, Lee died and Lee's
counsel, Paul J. Sulla, Jr. (**Sulla**), filed a "Motion for
Substitution of Plaintiff", requesting that the court substitute
Revitalize, with Hester as successor Overseer of Revitalize, as
plaintiff in place of Lee.  The motion asserts that Lee had
assigned his interest in the promissory notes and mortgage for
the subject property to Revitalize prior to his death, and that
Hester, purportedly Lee's nephew, was "successor Overseer" of
Revitalize.  On August 31, 2009, the circuit court, with no
objections on the record from any defendants, granted the motion
for substitution, thus substituting Revitalize, with Hester as
successor Overseer of Revitalize, as plaintiff.

---

[12]  The jury made the following findings: 1) that Lee was entitled to
foreclosure on the subject property against Horowitz, RBOD, and Jacqueline
Horowitz; 2) Horowitz, RBOD, and Jacqueline Horowitz were liable to Lee for
trespass to chattels in the amount of $400.00; 3) Horowitz, RBOD, and
Jacqueline Horowitz were not liable to Lee for fraud; and 4) Lee was liable to
Horowitz, RBOD, and Jacqueline Horowitz for "fraud and misrepresentation", in
the amount of $200,000.00.

Although the jury's special verdict form indicates that the jury
determined that Lee was entitled to a foreclosure of the mortgage as prayed
for in his complaint, it appears that the circuit court denied such relief
under equitable principles.

NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

In its "Fifth Amended Final Judgment", the circuit court ultimately resolved all claims as to all parties in this foreclosure action, and, in relevant part: denied Revitalize's claim for foreclosure against all defendants; and entered judgment in favor of Revitalize on the defendants' counterclaims for fraud and misrepresentation, vacating the $200,000.00 jury award pursuant to the circuit court's Order Granting Plaintiff's JMOL.

The circuit court's grant of JMOL pertaining to the defendants' counterclaim of fraud and misrepresentation, the vacating of the corresponding jury award, and the substitution of Revitalize (with Hester as successor Overseer) as plaintiff, give rise to the points of error in the Judicial Foreclosure action.

### A.  HRCP Rule 50 Motion for Judgment as a Matter of Law

In their first point of error in CAAP-16-0000162, Horowitz and RBOD argue that the circuit court erred in granting Revitalize's July 29, 2008 "Notice of Re-Submission of Plaintiff's Motion for Judgment as a Matter of Law or Alternatively New Trial on Issue of Defendant's July 6, 2006 Counterclaim for Fraud and Misrepresentation", and its subsequent vacating of the corresponding jury award, because Lee failed to make a motion for JMOL prior to the case being submitted to the jury pursuant to HRCP Rule 50(a)(2).  However, the appellants do not provide a transcript of the proceedings below, or any citation in the record that can corroborate such claim.[13]

It is the responsibility of each appellant "to provide a record, as defined in Rule 10 of [the Hawai'i Rules of Appellate Procedure (**HRAP**)] and the Hawai'i Court Records Rules, that is sufficient to review the points asserted and to pursue appropriate proceedings in the court or agency appealed from to correct any omission."  HRAP Rule 11(a).

---

[13]  On March 20, 2016, appellants Horowitz and RBOD filed in the Intermediate Court of Appeals its "Certificate that No Transcripts are to be Prepared" pursuant to HRAP 10(b)(2).

NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Based on the foregoing, Horowitz and RBOD's first point of error in the Judicial Foreclosure Action is deemed waived.

**B.   Hester's Standing as Substitute Plaintiff**

In their second point of error, Horowitz and RBOD contend that Hester lacks standing, both as an individual and as "successor Overseer" of Revitalize, to prosecute this judicial foreclosure.  Horowitz and RBOD's challenge to Hester's standing appears to be based on their contentions that Hester lacks any familial relationship to the predecessor plaintiff Lee, and that the assignment of the subject mortgage from Lee to Revitalize was invalid.  These arguments are without merit.

We first note that Hester's familial kinship with Lee is irrelevant to this judicial foreclosure action, as the circuit court substituted Revitalize as plaintiff, with Hester as "successor Overseer" to Revitalize, and not as an individual. Accordingly, Hester's standing as an individual, and likewise his familial kinship to Lee, is immaterial to this case.

As to Horowitz and RBOD's contentions regarding the validity of the assignment of the subject mortgage from Lee to Revitalize, our case law makes clear that, in a judicial foreclosure, borrowers do not have standing to challenge the validity of an assignment of their loans because they are not parties to the agreement.  U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 35, 398 P.3d 615, 624 (2017); U.S. Bank. Nat. Ass'n v. Salvacion, 134 Hawai'i 170, 174-75, 338 P.3d 1185, 1189-90 (App. 2014).  As such, Horowitz and RBOD's challenge to Hester's standing in the judicial foreclosure action is without merit.

Based on the foregoing, the "Fifth Amended Final Judgment [on the Judicial Foreclosure action]", entered on March 4, 2016 by the Circuit Court of the Third Circuit is affirmed.

**II.   CAAP-16-0000163**

In CAAP-16-0000163, Defendants/Counterclaim Plaintiffs Horowitz and Kane, and Defendant RBOD appeal from a "Final Judgment" (**Quiet Title Judgment**) entered in favor of Plaintiff/Counterclaim-Defendant Hester in the circuit court on

8

NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

December 30, 2015.  In this appeal, Horowitz, Kane, and RBOD contend that the circuit court erred in: (1) not dismissing the quiet title action in light of the prior judicial foreclosure action; (2) not vacating the entry of default entered against RBOD; (3) denying Horowitz and Kane's motion to amend their original answer; (4) granting Hester's motion for summary judgment where there existed substantial questions of material facts; and (5) entering judgment where Hester's standing to bring the quiet title action remained in dispute.

### A.  Quiet Title Action

On August 11, 2014, Hester, individually, filed a "Complaint to Quiet Title and For Summary Possession and Ejectment" (**Quiet Title Complaint**) against Horowitz, RBOD,[14] Kane, and Medical Veritas International, Inc. (**Medical Veritas**) in the circuit court.  The Quiet Title Complaint asserts causes of action: 1) to quiet title; 2) based on tenants at sufferance; and 3) for trespass against all defendants.

In the Quiet Title Complaint, Hester alleges that the time period for repaying the underlying promissory notes for the purchase of the subject property had expired on January 14, 2009, "with an outstanding balance still due and owing to Lee", and that guarantor Horowitz had failed to make delinquent payments resulting in RBOD's default.  Hester further alleges that following RBOD's default, Revitalize had obtained ownership of the subject property through a power of sale in a non-judicial foreclosure conducted under Hawaii Revised Statutes (**HRS**) §§ 667-5 through 667-10 against RBOD on April 20, 2010, subsequent to which Revitalize executed and recorded a quitclaim deed in favor of Hester, individually, making Hester the owner of the subject property.[15]

---

[14]  RBOD apparently was dissolved at the time the Quiet Title Complaint was filed.

[15]  The quitclaim deed from Revitalize to Hester was recorded in the Bureau on June 14, 2011.

9

NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

The Quiet Title Complaint identifies Horowitz and Kane as individuals who allege to have obtained an interest in the subject property through an invalid quitclaim deed executed by RBOD in their favor after the April 20, 2010 non-judicial foreclosure sale, and who had continued to occupy and withhold possession of the subject ·property from Hester.  Medical Veritas is identified as a California nonprofit corporation that Horowitz and Kane had purportedly executed a lease with to conduct its business operations on the subject property.[16]

On September 17, 2014, the circuit court clerk entered default against Medical Veritas and RBOD, as both parties had failed to file an answer to the Quiet Title Complaint.  On March 12, 2015, RBOD and Medical Veritas filed a "Motion to Vacate Default entered September 23, 2014, Against Defendants the Royal Bloodline of David and Medical Veritas International, Inc." (**Motion to Vacate Default**).  Medical Veritas and RBOD again requested that the court vacate the entry of default in an April 10, 2015 "Counsel's Declaration in Support of Co-Defendants Opposition to Motion for Summary Judgment".  On May 27, 2015, the circuit court denied the Motion to Vacate Default.[17]

In the meantime, on August 21, 2014, Horowitz and Kane filed an answer and twenty counterclaims in their "Defendants/Counterclaimants Answer, Affirmative Defense, and Counterclaims to Paul J. Sulla, Jr. and Jason Hester's Conspiracy to Commit Theft Under Color of Law" (**Horowitz/Kane Answer**).  On September 12, 2014, Horowitz and Kane apparently filed a notice of removal in the U.S. District Court for the District of Hawai'i, seeking to remove the case from the circuit court.  The Quiet Title action was remanded back to the circuit court on

---

[16]  Medical Veritas is not a party on appeal in CAAP-16-0000163.

[17]  We note that the circuit court's order denying Medical Veritas and RBOD's Motion to Vacate Default incorrectly refers to the date of the entry of default as September 23, 2014.  The record indicates that default was entered against RBOD and Medical Veritas on September 17, 2014.

NOT FOR PUBLICATION  IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

January 13, 2015, as the U.S. District Court determined that it lacked subject-matter jurisdiction.

On January 26, 2015, Horowitz and Kane filed their "Motion to Amend Answer and Join Indispensible Party Paul J. Sulla, Jr. and Herbert M. Ritke" (**Motion to Amend Answer**), requesting the circuit court, *inter alia*, allow them leave to amend their answer and counterclaims.  The circuit court eventually denied the Motion to Amend Answer, and dismissed all counterclaims asserted in the Horowitz/Kane Answer.

On March 9, 2015, Hester filed "Plaintiff/Counterclaim Defendant Jason Hester's Motion for Summary Judgment" (**Hester's Quiet Title MSJ**) against all defendants.  On May 27, 2015 the circuit court entered its "Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment" (**Order Granting Hester's Quiet Title MSJ**), which includes, *inter alia*, a provision that Hester is entitled to a writ of ejectment that would remove all the defendants from the subject property.[18]  Accordingly, on December 30, 2015, the circuit court entered its "Final Judgment" (**Quiet Title Judgment**) pursuant to the: 1) Entry of Default against Medical Veritas and RBOD; 2) Order Granting Plaintiff's Motion to Dismiss Counterclaims; and 3) Order Granting Hester's Quiet Title MSJ.

B.  **Preclusion of the Quiet Title Action under *res judicata***

In their first point of error, appellants Horowitz, Kane, and RBOD contend that the circuit court erred in not dismissing the Quiet Title Action in light of the prior Judicial Foreclosure action that ultimately denied the remedy of foreclosure on the subject property.  Appellants appear to assert that the subsequent Quiet Title Action is precluded by the doctrine of *res judicata*.  We disagree.

---

[18]  The circuit court's Order Granting Hester's Quiet Title MSJ was granted as to Hester's cause of action for tenants at sufferance and cause of action to quiet title, and denied as to Hester's cause of action for trespass. Hester's trespass claim was voluntarily dismissed pursuant to the circuit court's "Order Granting Plaintiff Jason Hester's Motion for Voluntary Dismissal of Trespass Claim", filed August 28, 2015.

**NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

The prior judicial foreclosure was related to Horowitz and RBOD's alleged non-monetary breaches of the mortgage agreement (see footnote 11), whereas the Quiet Title Action and underlying non-judicial foreclosure were based on the appellants' alleged monetary default that occurred subsequent to the judicial foreclosure.  Accordingly, this case is not precluded by the doctrine of *res judicata* because the claim at issue in the prior judicial foreclosure action was not identical to the claim in this subsequent Quiet Title Action.  <u>Cf. E. Sav. Bank, FSB v. Esteban</u>, 129 Hawai'i 154, 159, 296 P.3d 1062, 1067 (2013) (explaining that a "party asserting claim preclusion has the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) <u>the claim decided in the original suit is identical with the one presented in the action in question</u>" (emphasis added) (citation omitted)).

### C.  Entry of Default against RBOD

In their second point of error, Horowitz, Kane and RBOD contend that the circuit court erred in not vacating the entry of default against RBOD.  We deem this issue as moot, as both the parties and the record indicate that RBOD was dissolved prior to the initiation of the Quiet Title Action, and remains dissolved.  Thus, any further adjudication as to its interests in the subject property is immaterial.  <u>See McCabe Hamilton & Renny Co., Ltd. v. Chung</u>, 98 Hawai'i 107, 116, 43 P.3d 244, 253 (App. 2002) (noting that "[t]his court may not decide moot questions or abstract propositions of law." (Citations omitted)).

### D.  Quiet Title - Summary Judgment

We review the circuit court's grant or denial of summary judgment *de novo*.  <u>Kondaur Capital Corp. v. Matsuyoshi</u>, 136 Hawai'i 227, 240, 361 P.3d 454, 467 (2015).  "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

12

NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

as a matter of law."  Id. (citations and brackets omitted).  "The moving party has the initial burden of 'demonstrating the absence of a genuine issue of material fact.'"  Id. (citation omitted).  "Only with the satisfaction of this initial showing does the burden shift to the nonmoving party to respond 'by affidavits or as otherwise provided in HRCP Rule 56, . . . setting forth specific facts showing that there is a genuine issue for trial.'"  Id. at 240-41, 361 P.3d at 467-68 (citation, emphasis, and brackets omitted, ellipses in original).

Based on our de novo review of the record, we conclude that the underlying non-judicial foreclosure on the subject property was deficient under Kondaur, and as such the circuit court erred in granting Hester's Quiet Title MSJ.

In order to maintain an ejectment action, the plaintiff must: (1) prove that he or she owns the parcel in issue, meaning that he or she must have the title to and right of possession of such parcel; and (2) establish that possession is unlawfully held by another.  Kondaur, 136 Hawai'i at 241, 361 P.3d at 468.  In a self-dealing transaction, where the mortgagee is the purchaser in a non-judicial foreclosure sale, the mortgagee has the "burden to prove in the summary judgment proceeding that the foreclosure 'sale was regularly and fairly conducted in every particular.'"  Id. (citation omitted).  "A prima facie case demonstrating compliance with the foregoing requirements [shifts] the burden to [the mortgagor] to raise a genuine issue of material fact."  Id. at 242, 361 P.3d 469.

Here, Revitalize, with Hester as Overseer, was both the foreclosing mortgagee and the highest bidder at the non-judicial foreclosure sale on April 20, 2010.  The Mortgagee's Affidavit of Foreclosure Under Power of Sale recorded on May 11, 2010, states that the subject property was sold at public sale to "John Hester, Overseer [for Revitalize] for $175,000.00, which was the highest bid at said sale."  Subsequently, on June 14, 2011, Revitalize transferred its interest in the subject property to Hester, individually, by way of a quitclaim deed.  Thus, in

NOT FOR PUBLICATION  IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

moving for summary judgment, Hester had the initial burden to establish that the non-judicial foreclosure was conducted in a manner that was fair, reasonably diligent, and in good faith, and to demonstrate that an adequate price was procured for the property.  See id. at 241-43, 361 P.3d at 468-70; JPMorgan Chase Bank, Nat. Ass'n v. Benner, 137 Hawaiʻi 326, 327-29, 372 P.3d 358, 359-61 (App. 2016).

As in Kondaur, the Mortgagee's Affidavit of Foreclosure Under Power of Sale prepared and submitted by Revitalize fails to provide evidence concerning the adequacy of, inter alia, the purchase price.  Kondaur, 136 Hawaiʻi at 242-43, 361 P.3d at 469-70; see also Benner, 137 Hawaiʻi at 328, 372 P.3d at 360 (finding a similar foreclosure affidavit was insufficient to establish that the sale was conducted in a manner that was fair, reasonably diligent, and in good faith, and that the purchase price was adequate).

Hester thus failed to satisfy his initial burden of showing that the non-judicial foreclosure sale was conducted in a manner that was fair, reasonably diligent, and in good faith, and that Revitalize had obtained an adequate price for the Property. In turn, the burden never shifted to the defendants to raise any genuine issue of material fact.  Thus, the circuit court erred in its "Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment".  Given this ruling, we need not address the appellants' other points of error asserted in CAAP-16-0000163.

Based on the foregoing, the Circuit Court of the Third Circuit's "Final Judgment [on the Quiet Title action]" entered on December 30, 2015, solely as it pertains to the May 27, 2015 "Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment" is vacated.  This case is remanded to the circuit court for further proceedings consistent with this Memorandum Opinion.

NOT FOR PUBLICATION  IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

### III.   CAAP-18-0000584

Finally, in CAAP-18-0000584, Defendant-Appellant Horowitz, *pro se*, appeals from the "Final Judgment" (**Expungement Judgment**) entered in favor of Plaintiff-Appellee Hester in the circuit court on July 26, 2018.  In this appeal, Horowitz contends that the circuit court erred in: (1) granting Hester's motion for judgment on the pleadings, or in the alternative for summary judgment because it lacked personal jurisdiction over the parties; (2) failing to perform an "inquiry reasonable" into Hester's counsel Sulla's alleged interest in the subject property and case; (3) granting two *ex parte* motions filed by Hester because it violated relevant civil procedure rules and Horowitz's constitutional rights; and (4) denying Horowitz's motion for sanctions against Sulla.

### A.   Expungement Action

CAAP-18-0000584 arises from a "Petition to Expunge Documents Recorded in the Bureau of Conveyances of the State of Hawaii" (**Petition to Expunge**) filed by Hester against Horowitz on July 26, 2016, in the Circuit Court of the First Circuit (**first circuit court**).  In the Petition to Expunge, Hester alleges that Horowitz had filed an "Affidavit of Leonard G. Horowitz (Lis Pendens on Real Property)" in the Hawaiʻi Bureau of Conveyances (the **Bureau**) on June 6, 2016, that includes false and misleading information meant to cloud Hester's title to the subject property.  Hester alleges that the documents filed by Horowitz constitutes an invalid nonconsensual common law lien pursuant to HRS § 507D-5(b) (2018),[19] as they were not accompanied by a

---

[19]   HRS § 507D-5(b) provides:

> **§507D-5  Requirement** of certified court order.
>
> . . . .
>
> (b)  Any claim of nonconsensual common law lien against a private party in interest shall be invalid unless accompanied by a certified order from a state or federal court of competent jurisdiction authorizing the filing of nonconsensual common law lien.

15

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

certified court order from a state or federal court.

On May 18, 2017, Horowitz responded by filing "Defendant Leonard G. Horowitz's Motion to Dismiss 'Petition to Expunge Documents Recorded in the Bureau of Conveyances of the State of Hawaii'" (**Motion to Dismiss Petition**).  On June 27, 2017, Hester filed "Plaintiff's Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment on Petition to Expunge Documents Recorded in the Bureau of Conveyances of the State of Hawaii" (**Hester's MSJ**).  On September 27, 2017, the first circuit court entered its "Order Granting in Part Defendant's Motion to Dismiss and Denying Without Prejudice Plaintiff's Motion for Judgment on the Pleadings, or in the Alternative, For Summary Judgment" (**Order of Transfer**), granting in part Horowitz's Motion to Dismiss Petition to the extent that the case be transferred to the third circuit court, and denying Hester's MSJ without prejudice.[20]

On December 13, 2017, Hester filed his "Amended Petition to Expunge Documents Recorded in the Bureau of Conveyances of the State of Hawaii" (**Amended Petition to Expunge**) against Horowitz in the third circuit court.  The Amended Petition to Expunge was substantially similar to the original petition, except that it further alleged that since the original petition in the first circuit court, Hester had discovered an "Affidavit of First Lien of $7,500,000.00 on Real Property TMK: (3) 1-3-001-043 and 049,", filed in the Bureau on October 6, 2013, which he additionally seeks to have expunged as a nonconsensual common law lien pursuant to HRS § 507D-5.[21]

---

[20]  In its "Order Granting in Part Defendant's Motion to Dismiss and Denying Without Prejudice Plaintiff's Motion for Judgment on the Pleadings, or in the Alternative for Summary Judgment", the first circuit court notes that its dismissal was made "in part relative to venue of this matter only and orders this matter to be transferred to the Third Circuit Court for the State of Hawaii."  Accordingly, the order effectuated a transfer of the case to the third circuit court, and was not a dismissal of the action.

[21]  The amended petition further notes that while Hester was the sole owner of the subject property at the time the original petition was filed in
(continued...)

NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

On May 15, 2018, Hester filed two *ex parte* motions
requesting an extension of time to serve the Amended Petition to
Expunge on Horowitz, and to authorize service by certified mail.
In both motions, Hester asserts that he had attempted to serve
Horowitz at the physical address noted in Horowitz's notice of
change of address filed on March 22, 2018, but service was
impossible due to Horowitz's deliberate actions to evade service.
The circuit court granted both *ex parte* motions on May 18, 2018,
and eventually authorized service on Horowitz by certified mail
*nunc pro tunc* to the date of receipt of the original Petition to
Expunge lis pendens, December 21, 2016.

On April 20, 2018, Horowitz filed a motion for
sanctions pursuant to HRCP Rule 11, alleging that Hester's
counsel Sulla had violated various court orders and rules of the
court in his prosecution of the petition.  On June 22, 2018, the
circuit court denied Horowitz's motion for sanctions against
Sulla.

On June 22, 2018, the circuit court entered its
"Findings of Fact, Conclusions of Law and Order Granting
Petitioner's Motion for Judgment on the Pleadings, or in the
Alternative, For Summary Judgment on Amended Petition to Expunge
Documents Recorded in the Bureau of Conveyances of the State of
Hawaii" (**Order Granting Petition to Expunge**).  On July 26, 2018,
pursuant to its Order Granting Petition to Expunge, the circuit
court entered its "Final Judgment" (**Expungement Judgment**),
entering summary judgment in favor of Hester as to his Amended
Petition to Expunge.

       **B.   Personal Jurisdiction over Horowitz**

From what we can discern, Horowitz's first point of
error in CAAP-18-0000584 appears to assert that: (a) the circuit
court lacked personal jurisdiction over Horowitz because Hester
never properly served Horowitz with the Amended Petition to

[21](...continued)
the first circuit court, the current title holder is now Halai Heights, LLC,
with Hester retaining an interest in the property as a member.

17

NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Expunge pursuant to HRCP Rule 4; and (b) Hester lacks standing. We first note that Horowitz's argument regarding Hester's standing is based on Horowitz's similar argument regarding the prior substitution of Revitalize, with Hester as successor Overseer, in the Judicial Foreclosure action which was previously discussed and rejected above.  Thus, we do not further address this contention here.

Because Horowitz's first and third points of error in CAAP-18-0000584 both pertain to the circuit court's jurisdiction over Horowitz, we address both points of error together.

Upon review of the record, we conclude that Horowitz waived the defense of insufficient service of process pursuant to HRCP Rule 12(h)(1).  HRCP Rule 12(h)(1) provides:

> (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or <u>insufficiency of service of process is waived</u> (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) <u>if it is neither made by motion under this rule nor included in a responsive pleading</u> or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

(Emphases added).  Horowitz's first appearance in this case occurred when he filed "Defendant Leonard G. Horowitz's Motion to Dismiss 'Petition to Expunge Documents Recorded in the Bureau of Conveyances of the State of Hawaii'" (**First Motion to Dismiss**), on May 18, 2017, in the first circuit court.  In Horowitz's First Motion to Dismiss, he asserted a number of defenses under HRCP Rule 12(b), but did not raise the defense of insufficiency of service of process under HRCP Rule 12(b)(5).  To the contrary, Horowitz acknowledges in his First Motion to Dismiss that he was served the original petition on December 21, 2016, by certified mail.  Horowitz instead raised the issue of insufficiency of service of process in his subsequent "Defendant Leonard G. Horowitz's Motion to Dismiss 'Petition to Expunge Documents Recorded in the Bureau of Conveyances of the State of Hawaii'" (**Second Motion to Dismiss**), filed on January 23, 2018, in the third circuit court, eight months after the First Motion to Dismiss.

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Because Horowitz failed to raise the defense of insufficiency of service of process in his First Motion to Dismiss, and continued to actively participate in the proceedings in the circuit court, his assertion on appeal that the circuit court lacked personal jurisdiction is deemed waived.  HRCP Rule 12(h)(1); see Rearden Family Trust v. Wisenbaker, 101 Hawai'i 237, 247-48, 65 P.3d 1029, 1039-40 (2003) (holding that a pre-answer motion to dismiss which objected to service of process by registered mail under HRCP Rule 12(b)(5), but omitted the defense of lack of personal jurisdiction under HRCP Rule 12(b)(2), resulted in waiver of the omitted defense); see also Puckett v. Puckett, 94 Hawai'i 471, 480, 16 P.3d 876, 885 (App. 2000) (holding that defendant had waived the improper service issue by not raising it until after he had filed an answer, personally appeared at a hearing, and filed his first motion to dismiss).

### C.   Circuit Court's failure to perform "inquiry reasonable" into Hester's counsel Sulla

From what we can discern, Horowitz's second point of error in CAAP-18-0000584 appears to assert that the circuit court erred in failing to perform an "inquiry reasonable" into Hester's counsel's alleged personal interest in the subject property and collusion with the circuit court in prosecuting the petitions to expunge Horowitz's documents.  In support of his contention, Horowitz relies on numerous unsubstantiated and irrelevant facts that are unsupported by the record, and which provide no basis for this court to review any purported error by the circuit court.

As Horowitz makes no discernable argument as to this point of error, it is deemed waived.  See Kakinami v. Kakinami, 127 Hawai'i 126, 144 n. 16, 276 P.3d 695, 713 n. 16 (2012) (citing In re Guardianship of Carlsmith, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007) (noting that this court may "disregard a particular contention if the appellant makes no discernible argument in support of that position") (internal quotation marks and brackets omitted")).

19

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

### D.   The circuit court's denial of Horowitz's motion for sanctions under HRCP Rule 11

Finally, we conclude that the circuit court did not abuse its discretion in its order denying Horowitz's motion for sanctions against Hester's attorney, Sulla.[22]  The only discernable argument that Horowitz makes on appeal pertaining to the order denying sanctions is his contention that Sulla's representation of Hester was in contravention of a Disqualification Order apparently issued by the U.S. District Court in a prior quiet title action, which Horowitz contends warranted sanctions by the circuit court.  Such argument provides no discernable basis to impose sanctions pursuant to HRCP 11, and as such the circuit court did not abuse its discretion in its order denying sanctions.

### E.   Remand in light of our ruling under Kondaur in CAAP-16-0000163

It appears from the record that our ruling above in CAAP-16-0000163 under Kondaur could potentially affect this case.  Therefore, although we reject Horowitz's arguments on appeal in CAAP-18-0000584, we conclude it would be prudent to remand this case to the Circuit Court of the Third Circuit for further proceedings as the circuit court deems necessary in light of our rulings in this Memorandum Opinion.

### IV.   Conclusion

For the reasons discussed above, we conclude that:

(1) In CAAP-16-0000162, the "Fifth Amended Final Judgment", entered on March 4, 2016, by the Circuit Court of the Third Circuit, is affirmed.

---

[22]  Horowitz's final point of error in the Expungement Action appears to assert three different arguments, contending that the circuit court: 1) abused its discretion in its order denying sanctions against Hester's counsel, Sulla; 2) neglected Sulla's abuse of process, and; 3) neglected Sulla's Malicious Prosecution.  We, however, only address Horowitz's contention pertaining to the circuit court's order denying sanctions, as Horowitz makes no discernable argument in support of the other contentions.  See Kakinami, 127 Hawai'i at 144 n. 16, 276 P.3d at 713 n. 16 (citing In re Guardianship of Carlsmith, 113 Hawai'i at 246, 151 P.3d at 727 (noting that this court may "disregard a particular contention if the appellant makes no discernible argument in support of that position") (internal quotation marks and brackets omitted")).

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

      (2)  In CAAP-16-0000163, the December 30, 2015 "Final Judgment", solely as it pertains to the May 27, 2015 "Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment", is vacated.  This case is remanded to the Circuit Court of the Third Circuit for further proceedings consistent with this Memorandum Opinion.

      (3)  In CAAP-18-0000584, the case is remanded to the Circuit Court of the Third Circuit for further proceedings as the circuit court deems necessary in light of our rulings in this Memorandum Opinion.

      DATED:  Honolulu, Hawai'i, May 2, 2019.

CAAP-16-0000162
Margaret (Dunham) Willie,
for Defendants/Counterclaim
Plaintiffs/Appellants.

Paul J. Sulla, Jr.
for Plaintiff/Counterclaim
Defendant/Appellee.

CAAP-16-0000163
Margaret (Dunham) Willie,
for Defendants/Counterclaim
Plaintiffs/Appellants.

Stephen D. Whittaker, AAL,
for Plaintiff/Counterclaim
Defendant/Appellee.

CAAP-18-0000584
Leonard G. Horowitz,
pro se Respondent-Appellant.

Paul J. Sulla, Jr.,
for Petitioner-Appellee.

Chief Judge

Associate Judge

Associate Judge

21