LEONARD G. HOROWITZ
and SHERRI KANE, pro se
5348 Vegas Drive, Suite 353
Las Vegas, NV 89108
Tel: 310-877-3002;
Email: Editor@MedicalVeritas.org

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 12 2019
at 10 o'clock and ___ Min. ___M
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| JASON HESTER<br>State Case Plaintiff<br>vs.<br>LEONARD G. HOROWITZ<br>and SHERRI KANE,<br>State Case Defendants<br><br>and<br><br>LEONARD G. HOROWITZ<br>and SHERRI KANE,<br>Federal Case Plaintiffs<br>vs.<br>PAUL J. SULLA, JR., and<br>PAUL J. SULLA, JR., ATTORNEY AT LAW,<br>A LAW CORPORATION;<br>HALAI HEIGHTS, LLC; PATRICK SNIFFEN;<br>BRADLEY R. TAMM; HOWARD M.S. HU;<br>GARY VICTOR DUBIN; STEPHEN D.<br>WHITTAKER; and JOHN S. CARROLL<br>Federal Case Defendants | ) Civ. No. 19-00275 JAO RT<br>)<br>) REPLY TO COURT ORDER<br>) (DOC. 18) TO SHOW CAUSE<br>) WHY SUBJECT MATTER<br>) JURISDICTION REQUIRES<br>) FEDERAL COURT PROCEEDINGS,<br>) WHY REMOVAL IS PROPER<br>) UNDER 28 U.S.C. §§ 1441 and 1446,<br>) AND THE 5/31/19 COMPLAINT<br>) FOR INJUNCTIVE RELIEF<br>) IS REQUIRED TO PREVENT<br>) MORE IRREPARABLE HARM<br>) [FRCP Rule 7(b), Rule 1];<br>) CERTIFICATE OF SERVICE<br>)<br>) JUDGE: HON. JILL A. OTAKE<br>)<br>) DEADLINE: JUNE 19, 2019 |

**REPLY TO COURT ORDER (DOC. 18) TO SHOW CAUSE WHY
SUBJECT MATTER JURISDICTION REQUIRES FEDERAL COURT
PROCEEDINGS, WHY REMOVAL IS PROPER UNDER 28 U.S.C. §§
1441 and 1446, AND THE 5/31/19 COMPLAINT FOR INJUNCTIVE
RELEF IS REQUIRED TO PREVENT MORE IRREPARABLE HARM**

COMES NOW Leonard G. Horowitz and Sherri Kane, pro se (collectively, "Petitioners"), responding to the Honorable Court's Doc. 18 "Order to Show Cause" why this action should not be remanded and/or dismissed for lack of subject matter jurisdiction. The reason is the *State court* "initial pleading" is satisfied as contemplated by 28 U.S.C. § 1446(b)(3). Plus, contrary to the Court's writing "there is no state court action to remove to federal court") the Intermediate Court of Appeals (ICA) Memorandum Opinion (MO) of May 2, 2019, verifies three State court (consolidated) actions being removed by these State *defendants* in those cases, who are complying with 28 U.S.C. § 1446 (b)(3) as required to protect these victims of alleged malicious prosecution to prevent more irreparable harm to them. Most substantively, the MO presents an **"other paper."** *Id.* That "initial pleading" (the ICA-filed MO) contains substantial new evidence raising exclusively federal claims against State and federal actors *not parties in the State cases*, but 'ascertained' in wrongdoing by the MO, as detailed in the May 31, 2019 Notice of Removal and Complaint (hereafter, "NRC"). "Within the Ninth Circuit, the phrase `other paper' has been interpreted as `documents generated within the state court litigation[.]'"[1]

The Petitioners' NRC details the causes of State law preemption bearing on conspiracy to commit torts and crimes by abuse of State court processes. The resulting federal claims (e.g., 42 U.S.C. 1983), and this federal removal action, comports with 28 U.S.C. §§ 1441 and 1446. The combination of the timely Removal plus Complaint also comports with FRCP Rule 1 to "secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.*

---

[1] *Hawaii v. Abbott Laboratories, Inc.*, 469 F. Supp. 2d 842 - Dist. Court, D. Hawaii 2006, cites *Green,* 274 F.3d at 265 "(finding that an intervening case that preempted certain state law constituted an 'order' from which defendants could file a second removal notice, considering that state law had been preempted)." We Defendants in Civ. No. 14-1-0304 had removed that case to federal court in CV 14 00413 JMS/RLP, but it was remanded. Subsequently, another State and three ICA cases commenced that we allege preempted state laws. *Ninth Circuit quote* cites *Rose v. Beverly Health & Rehabilitation. Servs., Inc.,* No. 1:06cv0067, 2006 WL 2067060, at *5 (E.D.Cal.2006)

## A. Standards of Review

**28 U.S.C. § 1446 states in relevant part (b)(3):** (b) Requirements; Generally.—

Except as provided in subsection (c), *if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant*, through service or otherwise, *of a copy of an* amended pleading, motion, order or *other paper from which it may first be ascertained that the case is one which* is or *has become removable.* [Emphasis added.]

**28 U.S.C. § 1343 Civil rights and elective franchise** provides remedies to recover damages from injuries and deprived rights and properties, including prosecution against persons who, pursuant to **42 U.S.C. § 1986**, neglected to prevent such damages.

## B. Argument

### I. Removal Notice and Complaint (RNC) exercises 28 U.S.C. §§ 1441 and 1446, parts (a) and (b)(3), as well as FRCP Rule 1

The Honorable Court's first concern states: "It is unclear how a state appellate court decision addressing a consolidated appeal and a subsequent order addressing a motion for reconsideration constitute an 'initial pleading' as contemplated by 28 U.S.C. § 1446." Quoting *Sikirica v. Nationwide Ins. Co.*, 416 F. 3d 214 - Court of Appeals, 3rd Circuit 2005, "Looking to the plain language of Section 1446(b), the court reasoned that 'initial pleading' does not necessarily mean 'complaint,' so the statute does not require the receipt of a complaint to trigger the removal period." The May 31, 2019, RNC makes known that the MO raised federal claims, and "ascertained" State and federal actors who are alleged to be liable. This justified the simultaneous RNC that exercises 28 U.S.C. §§ 1441 and 1446, parts (a) and (b)(3), as well as FRCP Rule 1.

"In a case not originally removable, a defendant who receives a pleading or other paper indicating the post commencement satisfaction of federal jurisdictional requirements . . . may remove the case to federal court within 30 days of receiving such information. § 1446(b). *Caterpillar Inc. v. Lewis*, 519 US 61 - Supreme Court 1996. "[A] case does not become removable until the particular basis on which removal is sought becomes apparent from the record." *Durham v. Lockheed Martin*

2

*Corp.*, 445 F. 3d 1247 - Court of Appeals, 9th Circuit 2006, "The renewed removal window opens, . . . when the defendant receives a document 'from which it may first be ascertained that the case is one which is or has become removable.'" *Id*; § 1446(b).

That language of 28 U.S.C. § 1446(b), especially the word '**ascertained**,' is crucial. "'Ascertain' means 'to make certain, exact, or precise' or 'to find out or learn with certainty.' [This] seems to require a greater level of certainty or that the facts supporting removability be stated unequivocally. *Bosky v. Kroger Tex., LP,* 288 F.3d 208, 211 (5th Cir.2002) *See also Addo v. Globe Life & Accident Ins. Co.,* 230 F.3d 759, 762 (5th Cir.2000) ("[The] `other paper' [in this instant case the MO] . . . gives the defendant [first] notice of the changed circumstances which now support federal jurisdiction." quoted in *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744 - Court of Appeals, 11th Circuit 2010. The MO triggers each of the aforementioned conditions and elements requiring federal removal based on subject matter jurisdiction, and ascertained violations of 42 U.S.C. §§ 1983 and 1986, inter alia.

Furthermore, this right of removal is compounded by the new claims raised against two State and one federal officer, ascertained by the MO. State actors Sniffen and Tamm, and U.S. Bankruptcy Court Trustee Hu, are alleged to have defied their oaths of offices, neglected their duties to prevent Sulla's damaging conversion, and actively aided-and-abetted Sulla's scheme to convert the subject Property. The Supreme Court "has held that the right of removal is absolute for conduct performed under color of federal office . . .'" Op cit. *Durham*. A § 1983 action can lie against a private party when "he is a willful participant in joint action with the State or its agents," *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); as is the case with Hu, Tamm, Sniffen, Sulla and Whittaker, resulting in the Petitioners' deprivations and damages.

"When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, . . ." (Id.) To do otherwise, would "paralyze the operations of the government.'" *Bradford*, 284 F.2d at 310 (quoting *Davis,* 100 U.S. at 263, 25 L.Ed. 648).

The MO provides substantial new evidence that the RNC is proper under 28 U.S.C. 28 U.S.C. § 1441(a) by 28 U.S.C. § 1446 (b)(3). Congress provided for removals by victims of civil rights violations pursuant to 28 U.S.C. § 1441(a), that begins: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." The State-consolidated cases were brought against the Petitioners as *defendants* by a provably 'sham Plaintiff' to convert real property by alleged malicious prosecutions and public corruption. By "Act of Congress," 28 U.S.C. § 1446 (b)(3), removal is encouraged by reason of the 'ascertained' federal claims in the MO (i.e., an 'other paper'), following the cited timely procedure the Petitioners followed.

Under 28 U.S.C. § 1441(c)(1)(A)(B) "the entire action may be removed," in this instance because besides exclusively federal claims being raised here, there are *no state claims pending against any of the parties charged with torts and committing RICO 'predicate acts'* in the new Complaint.[2] Moreover, it cannot be reasonably argued that the Petitioners' 1983 claim arises from 'a single alleged wrong,' but multiple malicious prosecutions in a conspiracy to deprive compounding since 2009. This federal claim is "separate and independent," thus removable, as it arises from multiple governmental wrongs first ascertained by the MO. *Hummel v. Kamehameha Schools/Bernice Pauahi Bishop*, 749 F. Supp. 1023 - Dist. Court, D. Hawaii 1990.

---

[2] Pursuant to FRCP Rule 1, it might be advisable to consolidate pending RICO and other claims against Paul J. Sulla, Jr., et. al. filed in federal case 1:15-cv 00186-JMS-BMK under administrative stay at present. "Plaintiff Hester" is provably a "sham Plaintiff" strawman of Sulla. That may be material to removal, or any consideration of 'severing' any State law claims pursuant to 28 U.S.C. § 1441 (c)(2). Severing, however, would not comport with FRCP Rule 1 nor case law. "The consent of 'nominal, unknown or fraudulently joined parties,' . . . is not required. See United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756, 762 (9th Cir. 2002)." 'Sham plaintiff' Hester's permission is, therefore, not required to secure this Court's jurisdiction in these matters of adjudicating the pending exclusively federal claim(s).

## II. The May 31, 2019 RNC Filing Comports with 28 U.S.C. §§ 1331 and 1343; while Denying Federal Adjudication Violates FRCP Rule 1 and would Subject Petitioners to More Irreparable Harm From Civil Rights Deprivations

This action is brought against alleged conspirators—two State actors, court officers, and a federal official—under 42 U.S.C. § 1983, inter alia, for invidiously discriminatory deprivations of the Petitioners' equal rights and protections. This concerns 28 U.S.C. § 1331 that states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1343 is exercised for remedial action. To comport with FRCP Rule 1, the May 31, 2019 filing included: (1) The Notice of Removal; (2) the new Complaint; (3) the Motion to Show Cause why the Petitioner should remain homeless with increasing damage, distress, and injustice; and (4) the Remedy by which the Court may order prompt Injunctive Relief. This would require the ICA-affirmed wrongdoers to vacate the Petitioners' Property promptly, permitting the Petitioners to begin their recovery of rights and properties wrongly deprived.[3] The Court can avert further "deprivation of the equal enjoyment of rights secured by the law" by advancing the Plaintiffs' federal claim(s). *Butler v. United States*, 365 F. Supp. 1035 - Dist. Court, D. Hawaii 1973. Federal adjudication on the merits opposes the corruption alleged, and helps protect society as well as the Petitioners.

RESPECTFULLY SUBMITTED,

DATED: Honolulu, HI, June 12, 2019

LEONARD G. HOROWITZ, pro se          SHERRI KANE, pro se

---

[3] The Court's Doc. 18 directs the Petitioners to "not reassert any arguments presented in the Notice of Removal." Accordingly, the alleged civil rights and substantive due process abuses arising under a 'common nucleus of operative facts' authorizing federal jurisdiction for damages under 28 U.S.C. § 1343(a)(1-4) in State are *not* reasserted here. *Nunez v. City of Los Angeles*, 147 F. 3d 867 – Court of Appeals, 9th Circuit 1998.

LEONARD G. HOROWITZ
and SHERRI KANE, pro se
5348 Vegas Drive, Suite 353
Las Vegas, NV 89108
Tel: 310-877-3002;
Email: Editor@MedicalVeritas.org

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| JASON HESTER<br>  Plaintiff/Counterclaim Defendant<br>  vs.<br>LEONARD G. HOROWITZ<br>and SHERRI KANE,<br>  Defendants/Counterclaimants<br><br>and<br><br>LEONARD G. HOROWITZ<br>and SHERRI KANE,<br>  Counterclaimants<br>  vs.<br>PAUL J. SULLA, JR., and<br>PAUL J. SULLA, JR., ATTORNEY AT LAW,<br>A LAW CORPORATION;<br>HALAI HEIGHTS, LLC; PATRICK SNIFFEN;<br>BRADLEY R. TAMM; HOWARD M.S. HU;<br>GARY VICTOR DUBIN; STEPHEN D.<br>WHITTAKER; and JOHN S. CARROLL<br>  Third Party Counterclaim Defendants | ) **Civ. No. 19-00275 JAO RT**<br>)<br>)<br>)<br>)<br>)<br>) **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

6

# CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 12[h] day of June, 2019, we served a true and correct copy of the foregoing "**REPLY TO COURT ORDER (DOC. 18) TO SHOW CAUSE WHY SUBJECT MATTER JURISDICTION REQUIRES FEDERAL COURT PROCEEDINGS, WHY REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1441 and 1446, AND THE 5/31/19 COMPLAINT FOR INJUNCTIVE RELEF IS REQUIRED TO PREVENT MORE IRREPARABLE HARM**" by the method described below to:

Delivery by:

THE CLERK OF THE U.S. DISTRICT COURT
HONORABLE JUDGE JILL A. OTAKE
IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF HAWAII            _____ U.S. Mail
300 Ala Moana Blvd. #C338             ___X__ Hand
Honolulu, HI 96850                    _____ Pacer
808-541-1300

PAUL J. SULLA, JR. (5258)             _____ U.S. Mail
Attorney for JASON HESTER             ___X__ Pacer
PAUL J. SULLA, JR. LAW, and           _____ Hand
THE ECLECTIC CENTER, et. al.
106 Kamehameha Ave., Ste. 2A
Hilo, HI 96720
808-933-3600

HOWARD M.S. HU, TRUSTEE
Chapter 13 Trustee                    _____ U.S. Mail
1132 Bishop Street, Suite 301         _____ Hand
Honolulu, HI 96813                    ___X__ Pacer
Telephone: (808) 526-3083

BRADLEY R. TAMM (JD 7841)
Attorney at Law and                   _____ U.S. Mail
Director, Office of Disciplinary Counsel   _____ Hand
P.O. Box 3047                         ___X__ Pacer
Honolulu, Hawai'i 96802
(808) 206-1120

LT. PATRICK SNIFFEN                          __X___ U.S. Mail
State of Hawaii Sheriff's Department,        _____ Hand
Maui Section2145 Main St.,                   _____ Pacer
Wailuku, HI 96793
(808) 244-2900

STEPHEN D. WHITTAKER (2191)                  _____ U.S. Mail
73-1459 Kaloko Drive                         __X___ Pacer
Kailua Kona, HI 96740                        _____ Hand Delivery
808-960-4536

GARY VICTOR DUBIN
DUBIN LAW OFFICES                            _____ U.S. Mail
55 Merchant Street, Suite 3100               _____ Hand Delivery
Honolulu, HI 96813                           __X___ Pacer
(808) 537-2300

JOHN S. CARROLL                              _____ U.S. Mail
810 Richards St #810,                        _____ Hand Delivery
Honolulu, HI 96813                           __X___ Pacer
(808) 526-9111

_____
LEONARD G. HOROWITZ and/or SHERRI KANE, in Propria Persona