IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JASON HESTER, | ) | CIVIL NO. 19-00275 JAO-RT |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| vs. | ) | |
| | ) | |
| LEONARD G. HOROWITZ; | ) | |
| SHERRI KANE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DISMISSING ACTION

On May 31, 2019, Leonard Horowitz and Sherri Kane, who identify themselves as both Plaintiffs and Defendants, filed a "Notice to Adverse Parties of Removal to Federal Court of Third Circuit Court Proceedings and 'Motion to Show Cause' [FRCP Rule 5]," to which they attached a number of documents.

On June 5, 2019, the Court issued an Order to Show Cause ("OSC"):

EO: On 5/31/19, Defendants Leonard Horowitz and Sherri Kane (collectively "Defendants") filed a document titled "NOTICE OF REMOVAL AND COMPLAINT PURSUANT TO THREE STATE CONSOLIDATED CASES RIPE FOR INJUNCTIVE RELIEF TO ENJOIN MALICIOUS PROSECUTION AND DEPRICATION OF RIGHTSIN [SIC] REAL PROPERTY CONVERSION." Defendants characterize two Hawaiʻi Intermediate Court of Appeals orders, attached as Exhibits 1 and 2 to the Notice of Removal, as the "initial pleading" that triggered the removal. It is unclear how a state appellate court decision addressing a consolidated appeal and a subsequent order addressing a motion for reconsideration constitute an "initial pleading" as contemplated by 28 U.S.C. § 1446, much less a pleading that is removable. Defendants also included a "Complaint

for Deprivation of Rights and Injunctive Relief" with the Notice of Removal, which is improperly captioned and asserts claims against Plaintiff and other individuals and entities.  This new pleading does not provide a basis for removal because it appears to be prospective complaint in which Defendants are the named plaintiffs. By its express terms, 28 U.S.C. § 1441(a) limits the right of removal <u>to defendants</u> and it authorizes the removal of civil actions brought in state courts. 28 U.S.C. § 1441(a) (emphasis added) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants.").  Given the absence of evidence that this new complaint was filed in state court and/or is the basis of a state court action, there is no state court action to remove to federal court.  Indeed, Defendants identified the District Court of Hawaiʻi in the caption and there are no markings indicating that it has ever been filed in any court, except as an attachment here.  Moreover, even if a state action existed involving the new complaint, Defendants would be precluded from removing the action because they are the plaintiffs in the new complaint.  Based on the foregoing, Defendants are ordered to file a response not to exceed five (5) pages, by 6/19/19, SHOWING CAUSE why this action should not be remanded and/or dismissed for lack of subject matter jurisdiction.  The response must address the issues identified above and should not reassert any arguments presented in the Notice of Removal.

ECF No. 18.

On June 12, 2019, Horowitz and Kane filed their response to the OSC.  They claim that the Hawaiʻi Intermediate Court of Appeals ("ICA") decision constitutes "other paper" or an "initial pleading" raising exclusively federal claims against state and federal actors who are not parties to the underlying state court actions

2

"but 'ascertained' in wrongdoing by the [ICA decision]."[1]  Response, ECF No. 19 at 1.

## DISCUSSION

Horowitz and Kane appear to assert federal question as the basis for removal.  Section 1441(a) authorizes removal of an action by a defendant and provides:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  There is a strong presumption against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (Section 1441 is strictly construed

---

[1] The Response includes a number of other indiscernible arguments that the Court declines to summarize.

against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court).

The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Courts should presume that a case lies outside the limited jurisdiction of the federal courts. *Hunter*, 582 F.3d at 1042.

Horowitz and Kane argue that removal is proper pursuant to 28 U.S.C. § 1446(b)(3) because the ICA decision constitutes "other papers" from which they first ascertained that the case was removable. Section 1446(b)(3) provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Horowitz and Kane's arguments are without merit. They contend that the ICA decision "contains substantial new evidence raising exclusively federal claims against State and federal actors *not parties in the State cases*." Response, ECF No. 19 at 1. Removal jurisdiction cannot exist under these circumstances.

Whether federal question jurisdiction exists is determined by the well-pleaded complaint rule, which "'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded

4

complaint.'" *Hunter*, 582 F.3d at 1042 (quoting *Fisher v. NOS Commc'ns*, 495 F.3d 1052, 1057 (9th Cir. 2007)); *Kerr v. Delaware N. Cos., Inc.*, No. 116CV01797LJOSAB, 2017 WL 880409, at *1 (E.D. Cal. Mar. 6, 2017); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) (citations omitted) ("A case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint."). Thus, "removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." *Redwood Theatres, Inc. v. Festival Enters., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983); *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)). The federal question may not be aided by the answer or by the petition for removal. *Takeda*, 765 F.2d at 822 (citation omitted).

Horowitz and Kane's belief that the ICA decision *revealed* potential federal causes of action against individuals who are not parties to the state court proceedings did not provide a basis for removal, as the ICA decision did not present federal claims that would render the state court proceedings removable pursuant to § 1446(b). Any claims that purportedly arose or became apparent from the ICA decision would necessarily be the subject of a new and separate lawsuit. Although an improper removal would normally mandate remand pursuant to 28 U.S.C. § 1447(c), it does not appear that Horowitz and Kane legitimately

5

effectuated a removal. Because there is no proceeding to which this case could be remanded, dismissal is appropriate.[2]

In addition to "removing" the proceedings that had concluded in the ICA, Horowitz and Kane submitted a prospective complaint asserting federal claims. There is no evidence that the complaint was ever filed, nor could documents included with the notice of removal create a federal question. Even if Horowitz and Kane are attempting to remove based on the claims contained in the complaint, they could not do so because they have named themselves as Plaintiffs and the right of removal is limited to defendants. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."). Moreover, the

---

[2] Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements."); *Naruto v. Slater*, 888 F.3d 418, 423 n.5 (9th Cir. 2018) (recognizing "long held and often restated duty to examine *sua sponte* whether jurisdiction exists, regardless how the parties have framed their claims"). "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez*, 565 U.S. at 141. If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

action would have had to be brought in state court for the possibility of removal to even exist. *Id.* As already noted in the OSC, Horowitz and Kane identify the District Court of Hawaiʻi in the caption. To the extent Horowitz and Kane wish to pursue these claims, they must do so through a separate lawsuit. "Removal" is not the proper mechanism to present their claims.

Insofar as subject matter jurisdiction is lacking and there is no state court proceeding to remand to, the Court DISMISSES this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, June 18, 2019.

Jill A. Otake
United States District Judge